United States District Court
Western District of Washington At Seattle

| | |
|---|---|
| Gilda Cork<br><br>                Plaintiff,<br><br>vs.<br><br>Holland America Line N.V., a Curacao corporation; HAL Antillen N.V., a Curacao corporation; HAL Nederland N.V., a Curacao corporation; Holland America Line USA Inc., a Delaware corporation<br><br>                Defendants. | No.<br><br>Complaint For Damages<br>For Personal Injuries<br><br>Jury Demand |

Plaintiff, Gilda Cork, for cause of action against Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff Gilda Cork is now, and was at all times mentioned in this complaint, residing in the state of Arkansas.

2. The Defendant Holland America Line N.V., is now, and was at all times material a foreign corporation, and an owner and or operator of the MS Nieuw Amsterdam.

3. The Defendant HAL Antillen N.V., is now, and was at all times material a Curacao corporation and the owner and or operator of the MS Nieuw Amsterdam.

Complaint For Damages
For Personal Injuries - 1

Case No 20 -

Moure Law, pllc
A Professional Limited Liability Company
1521 Second Avenue, Suite 1400
Seattle, WA  98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

4. The Defendant HAL Nederland N.V., is now, and was at all times material a Curacao corporation and the owner and or operator of the MS Nieuw Amsterdam.

5. The Defendant Holland America Line-USA Inc., is now, and was at all times material, a Delaware corporation and the owner and or operator of the cruise ship MS Nieuw Amsterdam on which the subject incident occurred.  At all times material Holland America Line-USA Inc. was the agent of the other named defendants.

6. At all times relevant and material to this complaint, Defendants acted through their agents, employees, and/or representatives, who in turn acted within the scope of their employment and/or agency.

7. At all times relevant and material to this complaint, one or more of the Defendants were bound by a contract(s) or agreement(s) with other parties, requiring Defendants, either on their own behalf and/or on behalf of other parties, to maintain, operate, and otherwise control the cruise ship in a way that would be safe for use by passengers and invitees.

## JURISDICTION AND VENUE

9. This court has jurisdiction under 28 U.S.C. §§ 1332 and 1333, 46 U.S.C. § 30302, and or under the general maritime law, and under the contract(s) of carriage under which the claims are brought.  Jurisdiction is thus based on the court's admiralty jurisdiction and pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Complaint For Damages
For Personal Injuries - 2
Case No. 20 -

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

10. This Court has personal jurisdiction over Defendants.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391 (b) and (c) because the Defendants are subject to personal jurisdiction in this Judicial District and therefore are deemed to reside in this District.

12. All conditions precedent for filing and maintaining this action have been satisfied, have been waived, or do not apply.

## FACTS

13. The Plaintiff entered into a contract of carriage with Defendants for the purpose of a cruise aboard the cruise ship MS Nieuw Amsterdam.  The cruise commenced on October 26, 2019, in Ft. Lauderdale, Florida, and Ms. Cork disembarked from the Vessel in Ft. Lauderdale, Florida on November 2, 2019.

14. On or about October 28, 2019, Plaintiff was a fare-paying passenger when she suffered serious injuries while walking through the Ocean Bar on Deck 3 on the Vessel, where she tripped on a vacant bandstand.  The bandstand was unlit and did not have any railing or guard; it was difficult to see because of the many different floor treatments and because the bar was not well lit at the time.  Ms. Cork fell hard on to the floor onto her head, face, neck, right arm, and right shoulder causing her injuries.

15. This injury event was plainly the result of Defendants' breaching the duty of exercising reasonable care as the bandstand did not have a rail and was not properly lit and was and is defective.

Complaint For Damages
For Personal Injuries - 3
Case No. 20 -

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

16. Upon returning home, Plaintiff underwent significant medical treatment for the injuries caused by Defendants' negligence.

## **CAUSE OF ACTION**

17. Plaintiff re-alleges the allegations in Paragraphs 1-16 as though set forth fully herein.

18. The Defendants, as owners and operators of the Vessel, owed Plaintiff an affirmative duty of reasonable care under the circumstances, or alternatively, a higher duty of care commensurate with their common maritime carrier/passenger relationship to Plaintiff.

19. Defendants owed Plaintiff a duty to maintain the vessel and its amenities in safe condition and to warn passengers of dangerous conditions.

20. Defendants knew or should have known of the defective and unreasonably dangerous conditions presented by the unmarked and unlit bandstand on which Plaintiff tripped and fell.

21. On or about October 28, 2019 Defendants, their agents and or employees breached their duty of care to Plaintiff in one or more of the following ways, but in no way limited to:

    a. Defendants failed to use reasonable care to safeguard the Plaintiff during her cruise;

    b. Defendants failed to use reasonable care to inspect for hazards and to maintain the vessel in a safe condition;

Complaint For Damages
For Personal Injuries - 4
Case No. 20 -

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

  c. Defendants failed to take reasonable steps to correct and or eliminate known existing hazards and dangers presented to the Plaintiff by failing to have a rail around the bandstand and have the bandstand well lit;

  d. Defendants failed to take reasonable steps to warn the Plaintiff of known dangers and hazards presented to passengers like the Plaintiff;

  e. Defendants failed to properly maintain its bandstand located in the Ocean Bar on Deck 3;

  f. Defendants failed to provide Plaintiff with a safe passageway through the Ocean Bar;

  g. Defendants failed to warn Plaintiff of known safety hazards and to provide notice of reasonably foreseeable dangerous conditions and to protect Plaintiff from the unsafe hazards presented by maritime travel, dangerous conditions, and seas.

22. The negligent acts and omissions of Defendants both directly and proximately caused Plaintiff's serious injuries. The full extent of these injuries is not fully known at this time. Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

23. At all times material, Plaintiff was acting with due care for her own safety.

## DAMAGES

24. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious permanent bodily injuries, including but not limited to injury to her head, face, neck,

Complaint For Damages
For Personal Injuries - 5
Case No. 20 -

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

arm, and shoulder.  The Plaintiff's injuries resulted in pecuniary and other compensable losses, including significant past and future reasonable and necessary medical and health care expenses.  These include, but are in no way limited to, medical and physical therapy charges and co-pays, prescription and health care aid fees and costs, and other past and future heath care fees, charges and co-pays to be determined at the time of trial.

25.     As a direct and proximate result of Defendants' negligence, Plaintiff incurred past and future out-of-pocket expenses in connection with her reasonable and necessary medical treatment including, but in no way limited to, transportation to obtain healthcare, and for household services, assistance, and other out of pocket costs in amounts to be proven at the time of trial.

26.     As a direct and proximate result of Defendants' negligence, Plaintiff experienced physical and emotional injuries, including but in no way limited to, permanent physical impairment, disfigurement, pain, suffering, disability, limitations and loss of enjoyment of life in the past, and Plaintiff will with reasonable certainty continue to experience such injuries and general damages in the future.

### JURY DEMAND

27.     Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants, jointly and severally, as follows:

Complaint For Damages
For Personal Injuries - 6
Case No. 20 -

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293

a. For money judgment in such an amount that will fully and fairly compensate Plaintiff for her injuries, including general damages, special damages, and all other damages to be proven at trial;

b. For all expenses of health care providers, past, present and future;

c. For attorney fees, taxable costs and disbursements;

d. For prejudgment interest; and

e. For post-judgment interest and other relief allowed by the Court.

DATED this October 11, 2020,

MOURE LAW, pllc


By  _____/sCharles Moure_____
    Charles P. Moure, WSBA #23701
    Attorney for Plaintiff

Complaint For Damages
For Personal Injuries - 7
Case No. 20 -

**Moure Law, pllc**
*A Professional Limited Liability Company*
1521 Second Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 300-2351
Fax: (206) 206-374-2293